IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00846-BNB

JAVON BUTLER-BEY,

Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Javon Butler-Bey, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Canon City, Colorado. Mr. Butler-Bey initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 01-cr-3542 in the Denver City and County District Court of Colorado.

In an order entered on May 4, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on May 24, 2010. Mr. Butler-Bey filed his Reply on June 9, 2010.

The Court must construe liberally the Application filed by Mr. Butler-Bey because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Butler-Bey was charged with sexual assault on a child and sexual assault on a child with force, as well as habitual criminal counts. Pre-Answer Resp. at 1. On September 6, 2002, Mr. Butler-Bey pled guilty to one count of sexual assault on a child, in exchange for dismissal of the original charges. *Id.* at Ex. B, p. 8 (State Register of Actions). On November 22, 2002, the trial court sentenced Mr. Butler-Bey to an indeterminate sentence of eight years to life. *Id.* at 9. Mr. Butler-Bey did not file a direct appeal.

On March 21, 2003, Mr. Butler-Bey filed a motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* The trial court denied the motion on March 24, 2003. *Id.* Mr. Butler-Bey did not file an appeal.

On April 12, 2005, Mr. Butler-Bey filed a motion to withdraw his guilty plea. *Id.* The trial court denied the motion on June 1, 2005, and Mr. Butler-Bey did not file an appeal. *Id.*

On August 17, 2005, Mr. Butler-Bey filed a motion to vacate the judgment of conviction and sentence, alleging that he received ineffective assistance of counsel. *Id.* The trial court denied the motion on September 29, 2005. *Id.* at 9-10. Mr. Butler-Bey

filed a Notice of Appeal on November 9, 2005. *Id.* at 10. The Colorado Court of Appeals (CCA) affirmed the trial court on October 11, 2007. **See People v. Butler-Bey**, No. 05CA2395 (Colo. App. Oct. 11, 2007) (unpublished opinion) (Pre-Answer Resp. at Ex. C). Mr. Butler-Bey filed a petition for certiorari review with the Colorado Supreme Court (CSC), which the CSC denied on February 28, 2008. Pre-Answer Resp. at Ex. B, p. 12.

On August 7, 2008, Mr. Butler-Bey filed a motion to withdraw his plea. *Id.* The trial court denied the motion as successive on November 6, 2008. *Id.* Mr. Butler-Bey filed a notice of appeal on December 18, 2008, and on August 13, 2009, the CCA affirmed the trial court's order. **See People v. Butler-Bey**, No. 08CA2600 (Colo. App. Aug. 13, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. D). Mr. Butler-Bey did not file a petition for certiorari review.

Mr. Butler-Bey then filed the instant action, which was received by the Court on April 7, 2010. In the Amended Application, Mr. Butler-Bey asserts two claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

3

> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Butler-Bey's criminal case became final. The final sentence in Mr. Butler-Bey's case entered on November 22, 2002. Pre-Answer Resp. at Ex. B, p. 9. Because Mr. Butler-Bey did not file a direct appeal, the Court therefore finds that his conviction became final on January 6, 2003, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on January 7, 2003, the next business day after the conclusion of the time to appeal. *See, e.g., Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Butler-Bey's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.

4

§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Butler-Bey's state court action between January 6, 2003, and March 20, 2003. *See* Pre-Answer Resp. at Ex. B, p. 9. These 74 days are credited against the one-year statute of limitations. Mr. Butler-Bey filed a motion for sentence reconsideration on March 21, 2003. *Id.* The trial court denied the motion on March 24, 2003. *Id.* Mr. Butler-Bey then had 45 days, or until May 8, 2003,

to appeal the trial court's denial of the motion for sentence reconsideration to the CCA. *See* Colo. App. R. 4(b). Mr. Butler-Bey did not file an appeal.

Therefore, the limitation period began to run again on May 9, 2003, and ran for 291 days until it expired on February 24, 2004 (**74 days + 291 days = 365 days**). Because the one-year limitation period expired before Mr. Butler-Bey filed his next postconviction motion on April 12, 2005, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Butler-Bey did not file his habeas corpus application in this Court until April 7, 2010, more than six years after the limitations period expired, the Court finds that the application is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims

diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Butler-Bey bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Butler-Bey fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Butler-Bey has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  24th  day of   June   , 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00846-BNB

Javon Butler-Bey
Prisoner No. 115630
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

Patricia R. Van Horn
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/10 .

                                      GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                     Deputy Clerk